**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONGXU LI,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 21-957

Agency No.
A208-082-676

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2023
Pasadena, California

Before: M. SMITH, HAMILTON,[**] and COLLINS, Circuit Judges.

Dongxu Li, a citizen of China, petitions this court to review the decision of

the Board of Immigration Appeals (BIA) dismissing his appeal of the order of the

Immigration Judge (IJ) denying his applications for asylum, withholding of

removal, and Convention Against Torture (CAT) relief. We have jurisdiction

pursuant to 8 U.S.C. § 1252. We deny the petition in part as to asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

withholding of removal, and Li's insufficient-notice procedural argument; we grant and remand in part as to CAT relief.

We review legal questions de novo and factual findings for substantial evidence. *Tomczyk v. Garland*, 25 F.4th 638, 643 (9th Cir. 2022) (en banc). Pursuant to the substantial-evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts . . . ." *Id.* §§ 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C) (applying this standard to withholding of removal); *Garland v. Ming Dai*, 141 S. Ct. 1669, 1680 (2021) ("[E]ven if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof.").

1.   Substantial evidence supports the agency's finding that any harm Li would suffer if removed to China would lack a nexus to a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017); *see also* 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *id.* § 1231(b)(3)(C) (withholding of removal). Generally, "[o]rdinary prosecution for criminal activity" lacks a nexus to "a protected ground." *Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010). But "[u]nderstanding that persecution may appear in the guise of prosecution, we have carved out exceptions to [that] general rule," including where an applicant

shows that his prosecution is "pretext[]" for persecution on a protected ground. *Li v. Holder*, 559 F.3d 1096, 1109 (9th Cir. 2009) (citation omitted). Here, the record does not compel the conclusion that the Chinese government was motivated to prosecute Li on account of the protected grounds he suggests. In particular, substantial evidence supports the agency's finding that Chinese authorities had a legitimate prosecutorial motive—given that Li handled $1.2 million of funds that went missing and he could not provide any corroborating evidence for his theory that he was framed for refusing to cancel his franchise agreement. *See Mabugat v. INS*, 937 F.2d 426, 430 (9th Cir. 1991) ("Although [Petitioner] suspects that he may be the sacrificial victim in a political cover-up, he presented no evidence other than his word on that point.").

2.     The IJ provided Li sufficient "notice of the corroboration required, and an opportunity to either provide that corroboration or explain why he [could not] do so." *Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011). The IJ informed Li that he "must provide corroboration to support [his] claim," instructed him to "inform [his] attorney" of any "additional documents," and continued the proceedings for roughly seven weeks. When the proceedings resumed, the IJ again "raise[d] the issue regarding no corroborating documents" and continued the proceedings for about five more weeks.

3.     The BIA committed legal error as to Li's application for CAT relief by failing to consider the medical records and declaration that Li submitted to corroborate his assertion that Chinese authorities tortured his wife. "[W]here

there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). Here, Li submitted and the IJ admitted medical records stating that Li's then-pregnant wife suffered injuries "caused by [an] electric baton" and that "[d]ue to the injury, [she] miscarried," as well as a declaration from Li's mother-in-law stating that Chinese officials "used [an] electric baton to beat my daughter" to the point that she miscarried. The IJ thus misstated the record when she concluded: "The *only proof* of [Li's] wife's alleged torture by the Chinese government was [Li's] testimony and two pictures he submitted of his wife's arm and leg[] . . . ." (emphasis added). Therefore, we remand for the BIA "to reconsider [Li's] CAT claim in light of" the medical records and declaration. *Cole*, 659 F.3d at 773.[1]

The petition for review is **DENIED IN PART** and **GRANTED IN PART**. Li's motion for a stay of removal (Dkt No. 8) is **GRANTED**. The stay of removal remains in place pending a decision in this matter by the Board of Immigration Appeals. Each party shall bear its own costs. Fed. R. App. P. 39(a)(4).

---

[1] We reject the government's argument that Li failed to exhaust before the BIA and waived before our court any challenge to the denial of CAT relief. In both his appeal to the BIA and his opening brief before our court, Li specifically referenced the IJ's misstatement, argued that there is "ample evidence" otherwise, and cited the medical records and declaration.